[No. 9048.   Department One. — November 23, 1885.]

L. M. BEAUDRY ET AL., RESPONDENTS, v. JOHN DOYLE, APPELLANT.

EJECTMENT — BOUNDARY LINE — COURSES AND DISTANCES — NATURAL OB-JECTS. — The location of a boundary line determined on the principle that courses and distances are controlled by natural objects.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Doyle, Barber, Galpin, & Scripture,* for Appellant.

*A. M. Rosborough,* and *R. A. Redman,* for Respondents.

SEARLS, C. — This is an action of ejectment to recover a tract of land of about five acres, situated in the county of Alameda. Plaintiffs had judgment, and defendant prosecutes two appeals, one from an order denying a new trial, and the other from the final judgment.

The land in controversy is parcel of the Peralta rancho, to which a patent issued to Domingo and Vicento Peralta February 10, 1877.

A portion of the rancho had been surveyed and divided into blocks or plats by one Julius Kellesberger, as early as 1856, and a map thereof filed in the office of the county recorder of Alameda County during that year.

Plaintiffs claim plat 41, and defendant owns plat 42, which lies north of and adjoins 41.

The land in dispute consists of a narrow strip along the north side of plat 41, and is claimed by plaintiffs under title to that plat, deraigned from the patentees through various mesne conveyances.

The immediate grantees of the Peralta title owned blocks 41 and 42, and on the same day conveyed block 41 to parties under whom plaintiffs claim, and block 42 to certain other parties, under whom defendant holds.

The deed to defendant's grantor was first recorded.

The land lies on the westerly side of San Pablo Avenue, formerly known as the county road, and extends from that avenue to the bay of San Francisco.

The deeds under which plaintiffs claim describe their land as commencing at a post marked B, on the westerly side of the road (at southeast corner), running thence by course and distance to the bay, thence by course and distance northerly along the beach to the northwest corner, being the southwest corner of plat 42, thence easterly by course and distance to the northeast corner at the county road, thence southerly along the county road to the place of beginning; and describes it as "known and designated as plat No. 41, upon a map of the ranches of Vicento and Domingo Peralta, surveyed by Julius Kellesberger, and filed in the office of the recorder of Alameda County, on the —— day of ——, 1856, and containing 100.63 acres."

The deeds under which the defendant deraigns title in like manner describe plat 42, commencing at a post on the westerly side of the county road, at the northeast corner of land claimed by one Bertrand (plat No. 41); the description then gives the courses and distances around the tract, containing 102.25 acres, and describes it as known and designated as plat 42 on map, etc., according to the survey above mentioned.

The lines along the northerly side of plaintiffs' land and the southerly line of defendant's, which should be identical, vary as to their course one fourth of a degree, which, according to the testimony, would make a difference of 13½ feet in the location of the northwest corner of plaintiffs' and the southwest corner of defendant's land, which corners should be the same.

The description in all the deeds of each plat refers to the other in such manner as to show that the only difficulty should be in locating and fixing upon the ground the several points designated.

The question is not one of adverse possession, but of location on the earth's surface of the true lines of the paper title to the two plats.

There is no doubt, we think, that the lines, traced as in plaintiffs' deeds, will include the land in dispute.

Substantially, the plaintiffs do no more in making out their title than to introduce their deeds, and to show that the calls in those deeds include the disputed ground.

In answer to the case thus made, defendant introduced evidence tending to show that the land composing the two plats has been owned by separate persons since about the year 1852; that on the line between them there was a fence as early as 1852, leading from the county road toward the bay shore; that along the north side of this fence a road led from the county road to the vicinity of the bay, where Mason, the owner of plat 42, then lived; that the grantor of plaintiffs cultivated plat 41 up to the fence on one side, and Mason, a grantor of defendant, farmed the land on the other side; that after the survey was made, the stake at the northeast corner of plaintiffs' plat stood at the end or angle of the fence, at the intersection of this cross-road with the county road, now known as San Pablo Avenue; that in 1864, when a new fence was necessary between plaintiffs and defendant, Beaudry, one of the plaintiffs, procured a surveyor to establish the northwest corner of plaintiffs' land and the southwest corner of defendant's land; that it was found there was an overlapping of $13\frac{1}{2}$ to 18 feet, but that the corner on the front at the avenue was not then in dispute, to the knowledge of the surveyor who made the survey, who says it must have been agreed upon, or at least no dispute about it; that plaintiffs and defendant divided the land in controversy, some thirteen to eighteen feet, and built a fence on the line; that plaintiff Beaudry built the end commencing at the avenue, and constructed it along the south side of the road leading to the bay; that the grantor of plaintiffs sold to one

Holmes, in 1855, two acres in the northeast corner of the claim, which he fixes as being in the angle of the avenue and cross-road; that on the twenty-ninth day of December, 1874, plaintiffs conveyed to one Spooner three acres of land, shown by the deed to be at the same angle, and describes it as bounded by the defendant. There were a number of circumstances in addition tending to show that the northerly line of plat 41 was in fact along the southerly side of the road leading from the avenue to the bay shore.

The more we have considered and analyzed the testimony, the more have we become convinced that the northerly line of plaintiffs was in fact on the southerly side of said road. That the stake marking the northeast corner stood at the point indicated.

The testimony of George W. Parsons, one of plaintiffs' witnesses, is in full accord with defendant's witnesses on the point. He had known the land since 1853. After speaking of the line between the two tracts of land, and placing it on the south side of the road leading to the bay, he says: "I could not say where Kellesberger set the post at the northeast corner of Bertrand's claim (plaintiffs'); but if he did set it at the northeast corner, it would have been at the end of the fence where it stands now, or very close."

It seems to us that there is no substantial conflict in the testimony as to where the corner post in fact stood; that it was at the angle of the fence on the south side of the road leading from San Pablo Avenue to the bay; and that the line of demarcation between plat 41 and plat 42, in the light of the testimony, is along the fence mentioned on the south side of the road.

Upon the theory that known and fixed monuments will prevail over courses and distances, and upon the whole case as presented, we are of opinion the verdict should have been for the defendant, and that the judg-

ment and order denying a new trial should be reversed and a new trial had.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

Hearing in Bank denied.